UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTA LILEIKYTE, on behalf of herself and others similarly situated),<br><br>Plaintiffs,<br><br>v.<br><br>BERGEN AUTO ENTERPRISES d/b/a WAYNE MAZDA and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 10-4982 (FSH)<br><br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Order to Submit Joint Status Report of May 2, 2011, the Parties jointly submit this Report.

1. **Jury or non-jury case**

    The parties seek a jury trial.

2. **Description of the Case, the relief requested, the substantive issues, and the parties' positions on each issue**

    This is a putative class action in which Plaintiff alleges that Defendant, an auto dealership, adopted a practice of charging customers who financed their cars a $99 "Credit Inquiry Fee," but failing to include this charge as part of the "finance charge" in the disclosure of credit terms required by the Truth-in-Lending Act ("TILA"), 15 U.S.C. 1601, et seq.   According to Plaintiff, TILA and its related regulations require that credit inquiry fees be disclosed as a "finance charge" in the TILA statement, and by failing to do so, Defendant committed an actionable violation of TILA as to Plaintiff and other similarly situated consumers.

Additionally, Plaintiff has raised claims under the New Jersey Consumer Fraud Act, at ("CFA"), N.J.S.A. 56:8-2, et seq., based on Defendant's alleged misrepresentation of the $99 credit inquiry charges as part of the "amount financed" and as "credit provided to you or on your behalf" and/or its omission of the credit inquiry fee from the amounts that Defendant disclosed as the "finance charge" and as ""the dollar amount the credit will cost you."   Finally, Plaintiff has raised claims under the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, et seq., which prohibits the use of consumer contracts that contain provision in violations of other laws.  Plaintiff's TCCWNA claims are predicated upon the alleged TILA and CFA violations discussed above.

Plaintiff seeks a judgment for herself and the putative class members for statutory damages and actual damages pursuant to TILA, at 15 U.S.C. §1640.  Plaintiff also seeks remedies under the CFA at N.J.S.A. 56:8-19, including treble damages, measured as the $99 credit inquiry fee, and injunctive relief.  Additionally, Plaintiff seeks recovery of a statutory penalty on behalf of herself and the putative class members under TCCWNA, at N.J.S.A. 56:12-17, which mandates a statutory penalty payable to the consumer of not less than $100.  Finally, Plaintiff seeks attorney's fees and costs of suit, as mandated by TILA, at 15 U.S.C. §1640, the CFA, at N.J.S.A. 56:8-19 and TCCWNA, at N.J.S.A. 56:12-17.

Defendant has filed an Answer challenging the legal claims and asserting a number of affirmative defenses. Defendant's position is that the Plaintiff's allegations are misguided as the $99.00 charge was clearly and conspicuously provided for in large font and in bold print on the Motor Vehicle Retail Order form, which was signed by the

Plaintiff prior to entering into the agreement to purchase the vehicle. Furthermore, it is the Defendant's position that should the Plaintiff have opted not to purchase the vehicle, no charge would have been incurred. Moreover, $99.00 fee was a charge administered by the dealership in connection with a number of services provided by it in connection with the Plaintiff obtaining financing for the subject transaction. Said services included a detailed review of the Plaintiff's credit application, receipt, review and analysis of the Plaintiff's credit report, as well as a determination as to what financial institution should be utilized to complete the transaction. As the Plaintiff signed the Motor Vehicle Retail Order prior to the consummation of the transaction, she was fully aware, at all times, of the $99.00 charge.

3. **Discovery End Date**

The discovery end date is presently July 1, 2011.

4. **Whether a Party Intends to File a Dispositive Motion**

After the issue of class certification is decided, Plaintiff intends to file a motion for summary judgment as to each of the alleged violations of TILA, the CFA and TCCWNA. The defendant also intends to file a motion for summary judgment on each of the alleged violation claims.

**5. Whether a Party Feels a Settlement Conference Would Be Beneficial**

An in-person settlement conference took place several months ago but proved unsuccessful. Both Plaintiff and Defendant are open to negotiations for a class-wide settlement.

Respectfully Submitted,

/s/ Henry P. Wolfe
Henry P. Wolfe, Esq.
The Wolf Law Firm, LLC
1520 U.S. Hwy 130, Suite 101
North Brunswick, NJ 08902
732-545-7900 phone
732-545-1030 fax
Attorneys for Plaintiff

Date:  May 9, 2011


/s/ Craig J. Compoli, Jr., Esq.
Craig J. Compoli, Jr., Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100 phone
(973) 425-0161 fax
Attorneys for Defendant

Date:  May 9, 2011