# MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

CRAIG J. COMPOLI, JR.
Direct dial:  (973) 425-8687
ccompoli@mdmc-law.com

May 17, 2011

**VIA ELECTRONIC FILING**

Hon. Patty Shwartz, U.S.M.J.
U.S. Magistrate Judge
U.S. Post Office and Courthouse Building
Room 477
Newark, New Jersey 07101

> Re:   **Asta Lileikyte v. Bergen Auto Enterprises, LLC d/b/a Wayne Mazda**
>        **Civil Action No. 10-4982 (FSH)**
>        **MDMC File No. H0052-1957**

Dear Judge Shwartz:

This office represents defendant Bergen Auto Enterprises, LLC d/b/a Wayne Mazda ("Wayne Mazda") in connection with the above-referenced matter. Please accept this letter pursuant to Your Honor's March 4, 2011, Order On Informal Application & Second Amended Pretrial Scheduling Order, wherein Your Honor gave the parties until today, May 17, 2011, to bring unresolved discovery disputes before the Court.

Pursuant to Your Honor's Second Amended Pretrial Scheduling Order, responses to written discovery requests were due no later than April 15, 2011. Under letter dated April 21, 2011, Plaintiff provided responses to Defendant's First Set of Interrogatories. Under letter dated May 9, 2011, Plaintiff provided responses to Defendant's First Notice to Produce Documents. Upon receipt and review of Plaintiff's responses, we found same to be wholly deficient and lacking and, as such, requested more specific responses to certain interrogatories and document requests.

Under letter dated May 11, 2011, the undersigned wrote Plaintiff's counsel seeking more specific responses to a certain number of Defendant's Interrogatories. Attached hereto as **Exhibit A** is a true and accurate copy of the May 11, 2011, correspondence. Under letter dated May 12, 2011, the undersigned wrote Plaintiff's counsel again seeking more specific responses to a certain number of Defendant's Requests for the Production of Documents. Attached hereto as **Exhibit B** is a true and accurate copy of the May 12, 2011, correspondence.

In response, the undersigned received a letter from Plaintiff's counsel today, wherein he took the position that Plaintiff's written discovery responses were adequate and required no

NEW YORK          PENNSYLVANIA          NEW JERSEY          COLORADO

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 17, 2011

further information or explanation. Attached hereto as **<u>Exhibit C</u>** is a true and accurate copy of the May 17, 2011, correspondence.

The Defendant maintains the position that the Plaintiff's written discovery responses are wholly deficient and lacking and require further information and/or explanation. We request Your Honor's guidance on how to resolve this dispute, either by conference call or by the filing of a formal motion by the defense.

We shall await Your Honor's direction. We thank you for your attention in this regard.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Craig J. Compoli, Jr., Esq.

Enclosures

# EXHIBIT A

## McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

CRAIG J. COMPOLI, JR.
Direct dial: (973) 425-8687
ccompoli@mdmc-law.com

May 11, 2011

### VIA FACSIMILE AND REGULAR MAIL

Andrew W. Wolf, Esq.
Galex Wolf LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, New Jersey   08902

Re:   **Asta Lileikyte v. Bergen Auto Enterprises, LLC d/b/a Wayne Mazda**
      **Docket No. MID-L-6222-10**
      **MDMC File No. H0052-1957**

Dear Mr. Wolf:

I thank you for responding to defendant's interrogatories served in this matter. I have fully reviewed your client's certified responses to those interrogatories and write seeking more specific responses to many of them. Defendant's request is set forth below.

### Interrogatory No.

3

Interrogatory No. 3 seeks the identities of and specific information relative to all people with knowledge of the matter and facts giving rise to the allegations set forth in the pleadings. Your client's response that "the parties have knowledge described in the interrogatory, including without limitation defendant's employees, agents, representatives, officers and owners" is evasive and does not specifically provide the information requested. Kindly provide a response to defendant's Interrogatory No. 3 that is consistent with the information requested as set forth in the interrogatory itself.

4

This interrogatory seeks specific information relative to admissions made by plaintiff or any party in this action, as well as specific information relative to any admission. Your client's response that "the documents provided to me in the sales transaction speak for themselves" and that

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 2

"plaintiff refers defendant to its answer, in which it has admitted some of the allegations made in the Complaint" is perfunctory, evasive, non-responsive and inconsistent with the spirit of the Rules of Court. Kindly provide defendant with a more specific response that actually provides an answer to defendant's Interrogatory No. 4.

5

Once again, your client responds to Interrogatory No. 5, which seeks specific information regarding declarations against interest made by plaintiff or any party to this action and asks for specific information relative to those declarations, by stating "on the advice of counsel, the documents provided to me in the sales transaction speak for themselves," this response is vague and completely unresponsive to the discovery request. I therefore ask that you provide me with the information requested in Interrogatory No. 5, including information regarding all declarations of interest made by your client and/or any party to this action and the information specifically addressed in the body of the interrogatory.

6

Defendant's Interrogatory No. 6 seeks specific information regarding fact witnesses plaintiff intends to call at pretrial conferences, mediations, arbitrations and/or trial in this matter. The specific information sought is set forth in the interrogatory itself. Your client's response that "the only witnesses that plaintiff intends to call are the parties, the persons named in defendant's witness list and any of the defendant's employees, representatives, agents or owners involved in the transaction" is non-responsive and evasive. Kindly provide specifically which individuals "involved in the transaction" and defendant's employees you intend to call as a witness in this matter consistent with the interrogatory.

9

Rather than response to defendant's Interrogatory No. 9, plaintiff asserts an objection in that the information sought by this interrogatory "is within the exclusive control of the defendant, it has been requested by my counsel and has not yet [sic] provided." At this juncture, defendant has offered thousands of documents of

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 3

discovery from the dealership and produced every document contained in plaintiff's deal jacket. This defendant has provided everything in its possession and did provide everything in its possession with the initial disclosures in this case. Moreover, your client, rather than provide a detailed response to the interrogatory states that "all statutes and regulations that the defendant violated and the basis of the violations are clearly set forth in the Complaint at paragraphs 58-79." Please provide a more specific response by actually responding to defendant's Interrogatory No. 9 with the specific information requested.

10        Plaintiff's response to defendant's Interrogatory No. 10 is non-responsive, evasive, selective as to the information requested and perfunctory. Interrogatory No. 10 seeks specific information plaintiff alleges regarding violation of the New Jersey Consumer Fraud Act and common law fraud. Defendant's interrogatory sets forth the specific information requested by defendant. Rather than answer the question, plaintiff states that she objects "to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet been provided." Once again, all information and documents requested by plaintiff was provided at the time these interrogatories were answered. Moreover, this defendant opened its files for a representative sample of the potential class in this case. Consequently, plaintiff's response that the information "has been requested and has not yet been provided" is not entirely accurate. Moreover, plaintiff objects to this interrogatory by stating that "the Complaint contains all of plaintiff's allegations and speaks for itself" rather than actually responding to the interrogatory. This defendant demands a more specific response to Interrogatory No. 10 and specifically a response to sub-paragraphs (a) – (i). Moreover, plaintiff's response to paragraph 10(g) indicates that a letter dated August 27, 2010, and a letter to the Attorney General's office of September 16, 2010, is "attached hereto." There were no letters or documents attached to plaintiff's certified responses to

1598437_1.DOC

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 4

interrogatories, as provided by plaintiff's counsel to the undersigned.

12      Incredibly, plaintiff objects to this simple interrogatory which seeks information regarding the purchase and sale of the goods referenced in the Complaint and states that "this information is within the direct knowledge of the defendant and see also the Complaint and exhibits attached thereto." Defendant demands a more specific response to its Interrogatory No. 12 including all the information requested in sub-paragraphs (a) – (i).

13      Defendant's Interrogatory No. 13 requests "all facts" that support the allegations in paragraph 3 of the Complaint. Your client's response, rather than providing the information requested, is to "see the Complaint paragraph 63," citing provisions of the TILA. Obviously, this response is evasive and non-responsive and defendant demands a more specific response to its Interrogatory No. 13.

14      Plaintiff's response to Interrogatory No. 14 is equally non-responsive. Interrogatory No. 14 seeks "all facts" that support the allegations of paragraph 3 of the Complaint regarding violation of the New Jersey Consumer Fraud Act. Plaintiff's response to "see the Complaint and the transaction documents provided by defendant" which "speak for themselves" is entirely evasive and non-responsive. Defendant demands a more specific response to its Interrogatory No. 14 providing all facts that support the allegations in paragraph 3 of the Complaint concerning the New Jersey Consumer Fraud Act.

15      Interrogatory No. 15 seeks specific information regarding an allegation in the Complaint concerning a $99.00 credit inquiry fee. Plaintiff's response is that "the information requested is in the exclusive control of the defendant, the information has been requested and has not yet [sic] provided." Plaintiff also responds by stating that "on the advice of counsel the allegation speaks for itself." Defendant demands a more specific response to the

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 5

detailed information sought in Interrogatory No. 15. That interrogatory seeks specific information which is "not in the exclusive control of the defendant."

16, 17

Plaintiff's certified responses to defendant's Interrogatories Nos. 16 and 17 are equally evasive and non-responsive. Both interrogatories seek specific "facts that support' allegations contained in paragraphs in the Complaint. Plaintiff's identical response to both interrogatories stating that "the information requested is in the exclusive control of the defendant" and that "the information has been requested and has not yet [sic] provided" is entirely non-responsive to these interrogatories. Moreover, plaintiff's response that the allegations speak for themselves is entirely inconsistent with the spirit of the Rules of Court. Defendant therefore demands that plaintiff provide a more specific response to Interrogatories Nos. 16 and 17.

18

Once again, plaintiff has failed to respond to a specific interrogatory seeking factual information relative to paragraph 38 of the Complaint. Plaintiff's response that the information requested "is in the exclusive control of the defendant" and that "the information has been requested and has not yet [sic] provided" is perfunctory and totally non-responsive. Rather than citing paragraphs 39, 40 and 41 in the Complaint, defendant demands that plaintiff provide the "facts" that support plaintiff's allegations contained in paragraph 38 of the Complaint.

19

Similar to Interrogatory No. 18, Interrogatory No. 19 seeks specific "facts" that support the allegations contained in paragraph 69 of the Complaint. Plaintiff's response is evasive and non-responsive. Please provide all facts that you will allege at the trial in this case that support the allegations contained in paragraph 69 of the Complaint relative to violations of the TILA and New Jersey Consumer Fraud Act.

20

Once again, defendant seeks "facts" supporting specific allegations made by plaintiff against defendant in paragraph 70 of the Complaint. In response, plaintiff

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 6

asserts "upon the advice of counsel" that defendant should read paragraphs 18 – 41 of the Complaint. This is non-responsive to the requested information and defendant, once again, asks that you provide a detailed and specific response containing all facts that support the allegations of paragraph 70 of the Complaint.

23

Defendant's Interrogatory No. 23 seeks specific information asking "precisely" what "the alleged ascertainable loss is, and how it has been calculated." Plaintiff not only fails to provide the ascertainable loss pursuant to the Consumer Fraud Act but also fails to even remotely describe how that loss is calculated. Incredibly, plaintiff objects to this interrogatory by stating that "the information requested is in the exclusive control of the defendant, the information has been requested and has not yet [sic] provided." Referencing a response to Interrogatory No. 22, plaintiff fails to even remotely answer Interrogatory No. 23. Consequently, this defendant demands a more specific response to Interrogatory No. 23.

24

With respect to defendant's Interrogatory No. 24, plaintiff, once again, objects by stating "to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet [sic] provided." The response then cites three paragraphs in plaintiff's Complaint. Interrogatory No. 24 seeks "all facts" that support specific allegations in paragraphs 76-79 of plaintiff's Complaint. Because plaintiff has failed to respond, this defendant seeks a more specific response to Interrogatory No. 24 which provides all "facts" that support the allegations in the paragraphs of the Complaint referenced in the interrogatory.

1598437_1.DOC

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 11, 2011
Page 7


Please provide your more specific responses within five (5) days from the date hereof.
Failure to do so will result in defendant's request for judicial intervention.  Thank you.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Craig J. Coppola, Jr.

CJC:lsd

cc:    Christopher J. McGinn, Esq.

# EXHIBIT B

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

CRAIG J. COMPOLI, JR.
Direct dial: (973) 425-8687
ccompoli@mdmc-law.com

May 12, 2011

**VIA FACSIMILE AND REGULAR MAIL**

Andrew W. Wolf, Esq.
Galex Wolf LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, New Jersey   08902

Re:   **Asta Lileikyte v. Bergen Auto Enterprises, LLC d/b/a Wayne Mazda**
      **Docket No. MID-L-6222-10**
      **MDMC File No. H0052-1957**

Dear Mr. Wolf:

I note recent receipt of your client's response to defendant's First Request for Production of Documents in this matter.  Please accept this as defendant's demand for more specific responses beyond those contained in your May 9, 2011, response.

**Response No.**

4        Defendant's  Document  Request  No. 4  seeks  all documents plaintiff intends to introduce into evidence at trial.  Plaintiff's response that "all documents that were appended to the Complaint and produced by the parties in discovery, all of which are already in defendant's possession" is evasive and non-responsive.   Kindly provide a list of all documents plaintiff seeks to introduce into evidence at the time of trial in this matter.

5        Defendant's Document Request No. 5 seeks copies of all "contracts  and  agreements"  between  plaintiff  and defendant, as well as any amendments or addendums to those contracts or agreements.  Despite a very specific request, plaintiff's response is "all such documents are already in defendant's possession."  Defendant is entitled to both copies of and a recitation of all contracts and agreements between plaintiff and defendant in plaintiff's

NEW JERSEY        NEW YORK        PENNSYLVANIA        CONNECTICUT        MASSACHUSETTS        COLORADO

1599560_1.DOC

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Andrew W. Wolf, Esq.
May 12, 2011
Page 2

possession.   Inasmuch as plaintiff responds to this document request that "such documents are already in defendant's possession" the response is perfunctory and evasive.

6      Plaintiff's response to defendant's Document Request No. 6 is, once again, evasive and non-responsive.  The request seeks all documents not already identified that plaintiff will rely upon to support the broad allegations made in the Complaint.  To suggest that those documents "were appended to the Complaint and produced by the parties in discovery, all of which are already in defendant's possession" is evasive and non-responsive.  Please provide a response to defendant's Document Request No. 6.

8      Likewise, plaintiff's response to defendant's Document Request No. 8, which seeks documents supporting all claims plead against defendant, is completely non-responsive.  Kindly provide defendant with a list of all documents supporting all claims plead in the Complaint against defendant.

15      Finally, defendant's Document Request No. 15 seeks all documents that support plaintiff's claims "that the defendant made any misrepresentations." Obviously, this is a significant point of contention in this matter.  Your response of "see response to request #4" is evasive and non-responsive inasmuch as that response states that the documents "were appended to the Complaint and produced by the parties in discovery, all of which are already in defendant's possession." Consistent with the request, please provide a listing of all documents plaintiff alleges support any claims that this defendant "made any misrepresentations" to plaintiff.

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Andrew W. Wolf, Esq.
May 12, 2011
Page 3

     Please provide your client's response to this request for more specific responses within five (5).  Failure to do so will result in judicial intervention.  Thank you.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Craig J. Compoli, Jr.

CJC:lsd

cc:    Christopher J. McGinn, Esq. (Via Facsimile and Regular Mail)

1599560_1.DOC

# EXHIBIT C

Andrew R. Wolf
*Member, NJ Bar*

# THE WOLF LAW FIRM, LLC

Henry P. Wolfe
*Member, NJ, NY, MI Bars*

Elliot M. Gardner
*Member, NJ, NY Bars*

www.wolflawfirm.net
info@wolflawfirm.net

1520 U.S. Highway 130 · Suite 101
North Brunswick, New Jersey 08902
Tel. 732-545-7900 · Fax 732-545-1030

Charles N. Miller
*Of Counsel (ret.)*

May 17, 2011

**Via Facsimile to (973) 425-0161 – Two Pages
and Electronic Mail**
Craig J. Compoli, Jr., Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

      RE:   .Lileikyte vs. Bergen Auto Enterprises, et al
             Case No.: 2:10-cv-04982-FSH-PS

Dear Mr. Compoli:

      This is in response to your letters dated May 11, 2011, demanding more specific answers to interrogatories and requests for production of documents.

      As you know, Plaintiff's claims are factually very simple. She claims that your client charged a $99 fee described as a "credit bureau inquiry fee" on your client's retail buyer's order, which has been produced to your client as an exhibit to the complaint. She claims that your client's retail installment contract, which includes a TILA disclosure statement, misrepresented that the fee is part of the "amount financed" instead of properly disclosing it as part of the "finance charge" or "amount in dollars that the credit will cost you." This is a case where the operative facts are contained in the basic transaction documents appended to the complaint. The legal basis of the complaint is spelled out in a very clear and simple manner, citing to the specific provisions of TILA and Regulation Z that expressly require credit inquiry fees to be disclosed as "finance charges." It is frankly entirely unclear why you need the help of Ms. Lileikyte – who is not an attorney – to understand these simple, clear, and explicitly pled claims.

      If there is really more factual information that you need, please let me know what it is and why. To the extent that your interrogatories do not seek information, but are a fishing expedition aimed at harassing the Plaintiff or quizzing her on her legal knowledge, they are objectionable (for reasons other than the fact that they exceed the 25 interrogatory limit set by Rule 33.) Additionally, almost all of your interrogatories broadly seek the Plaintiff's opinion about legal issues or facts applied to law, asking for the bases for her "contention[s]." As such, under Rule 33(a)(2), they need not be answered, if at all, until after discovery has been completed. Finally, I note that you have

scheduled Ms. Lileikyte's deposition. Presumably, this will give you ample opportunity to interrogate her on the same questions covered in your May 11th letter.

As for the requests for production of documents, as stated in the responses, your client, the merchant in this consumer dispute, has all of the documents. To the extent that your objection is based on the fact that Plaintiff did not identify exactly which ones she intends to "rely upon," that question is obviously premature, since we haven't received all of your client's production yet.

In short, it is Plaintiff's position that her interrogatory answers and responses to document requests are adequate. If you still disagree, we would welcome a conference call with Judge Arpert so that you can explain to him precisely what additional information that you feel that you need, and we can then discuss how to accommodate those supposed needs.

Sincerely,

*/s/ Henry P. Wolfe*
Henry P. Wolfe

HPW/las
cc: Christopher J. McGinn, Esq. – Via Electronic Mail

2