# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

CRAIG J. COMPOLI, JR.
Direct dial: (973) 425-8687
ccompoli@mdmc-law.com

May 31, 2011

## VIA ELECTRONIC FILING

Hon. Patty Shwartz, U.S.M.J.
U.S. Magistrate Judge
U.S. Post Office and Courthouse Building
Room 477
Newark, New Jersey 07101

Re:   **Asta Lileikyte v. Bergen Auto Enterprises, LLC d/b/a Wayne Mazda**
**Civil Action No. 10-4982 (FSH)**
**MDMC File No. H0052-1957**

Dear Judge Shwartz:

This office represents defendant Bergen Auto Enterprises, LLC d/b/a Wayne Mazda ("Wayne Mazda") in connection with the above-referenced matter. Please accept this joint-submission pursuant to Your Honor's March 4, 2011, Order On Informal Application & Second Amended Pretrial Scheduling Order, as to unresolved discovery disputes.

Pursuant to Your Honor's Second Amended Pretrial Scheduling Order, responses to written discovery requests were due no later than April 15, 2011. Under letter dated April 21, 2011, Plaintiff provided responses to Defendant's First Set of Interrogatories. Under letter dated May 9, 2011, Plaintiff provided responses to Defendant's First Notice to Produce Documents. Upon receipt and review of Plaintiff's responses, Wayne Mazda found same to be wholly deficient and lacking and, as such, requested more specific responses to certain interrogatories and document requests.

Under letter dated May 11, 2011, the undersigned wrote Plaintiff's counsel seeking more specific responses to a certain number of Defendant's Interrogatories. Under letter dated May 12, 2011, the undersigned wrote Plaintiff's counsel again seeking more specific responses to a certain number of Defendant's Requests for the Production of Documents. In response, the undersigned received a letter from Plaintiff's counsel, dated May 17, 2011, wherein counsel took the position that Plaintiff's written discovery responses were adequate and required no further information or explanation. Please accept the following in accordance with Paragraph 9 on Your Honor's Second Amended Pretrial Scheduling Order. Following these items, Plaintiff has submitted a request for the Court to also resolve disputes with Defendant's discovery responses.

NEW YORK          PENNSYLVANIA          NEW JERSEY          COLORADO

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

## DEFENDANT'S INTERROGATORIES DIRECTED AT PLAINTFF

Interrogatory No. 3

a)   Interrogatory: For each person who has any knowledge whatsoever which is material and relevant or which pertains in any way to the subject matter of this action and/or to the facts, allegations and circumstances set forth in the pleadings, including, but not limited to the individual(s) involved in any manner whatsoever with the incident, provide the following information: (a) first and last names, business and home addresses, job title(s), employers and telephone numbers of said person(s); (b) your relationship, if any, to said persons; (c) the nature of the information; (d) the date that person came by such information; (e) how it relates to this matter.

b)   Response: Object to this interrogatory to the extent it seeks information that is protected by the attorney/client privilege.  Notwithstanding the foregoing objection, plaintiff states that the parties have knowledge described in the interrogatory, including without limitation, defendant's employees, agents, representatives, officers and owners.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)   The requested information is relevant so that the defense is made aware of all individuals that may have relevant knowledge of the facts underlying Plaintiff's claims. As Plaintiff's counsel has not submitted a response to Wayne Mazda's request for more specific interrogatories, it is Wayne Mazda's position that the response continues to be deficient.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 4

a)   Interrogatory: If you know of any admissions made by you or any party to this action or of any of such party's agents, independent contractors, contractors, Subcontractors, principals, servants, salesmen, workmen, employees, technicians, advisors, attorneys or other representatives and all other persons acting on behalf of such party, for each, please state: (a) the date each admission was made; (b) first and last names, business and home addresses, job title(s) and telephone numbers of the person or persons making the admission; (c) first and last names, business and home addresses, job title(s) and telephone numbers of the person or persons receiving the admission and/or who were present at the time of the admission; (d) the substance of each admission and indicate if it was conveyed orally or reduced in writing, attaching copies of any written documents to

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

      your pleadings; (e)      It is Plaintiff's position that her answer was sufficiently responsive. each and every fact upon which you base your opinion that the substance stated in your answer to the preceding interrogatory constitutes an admission;
(f) indicate whether you intend to rely on such admission now and/or at any mediation, arbitration or trial of this matter.

b)      Response: Object to this interrogatory because it requires an understanding of the legal term "admissions". Notwithstanding the foregoing objection, on the advice of counsel, the documents provided to me in the sales transaction speak for themselves. Further, plaintiff refers defendant to its answer, in which it has admitted some of the allegations made in the complaint.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)      The requested information is relevant so that the defense is made aware of any and all admissions made in the subject transaction and the related litigation. As Plaintiff's counsel has not submitted a response to Wayne Mazda's request for more specific interrogatories, it is Wayne Mazda's position that the response continues to be deficient.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 5

a)      Interrogatory: If you know of any declaration against interest made by you or any party to this action or of any such party's agents, independent contractors, contractors, Subcontractors, principals, servants, salesmen, workmen, employees, technicians, advisors, attorneys or other representatives and all other persons acting on behalf of such party, for each, please state: (a) the date each was made; (b) first and last names, business and home addresses, job title(s) and telephone numbers of the person or persons making it; (c) first and last names, business and home addresses, job title(s) and telephone numbers of the person or persons receiving it and/or who were present at the time it was made; (d) the substance of each and indicate if it was conveyed orally or reduced to writing, attaching copies of any written documents to your pleadings; (e)      It is Plaintiff's position that her answer was sufficiently responsive. each and every fact upon which you base your opinion that the substance stated in your answer to the preceding interrogatory constitutes a declaration against interest; (f) indicate whether you intend to rely on such declaration against interest now and/or at any mediation, arbitration or trial of this matter.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

b)    Response: Object to this interrogatory because it requires an understanding of the legal term "declaration against interest".  Notwithstanding the foregoing objection, on the advice of counsel, the documents provided to me in the sales transaction speak for themselves.

c)    In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)    The requested information is relevant so that the defense is made aware of any and all declarations against interest that were made in the subject transaction and the related litigation. As Plaintiff's counsel has not submitted a response to Wayne Mazda's request for more specific interrogatories, it is Wayne Mazda's position that the response continues to be deficient.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

<u>Interrogatory No. 6</u>

a)    Interrogatory: For each person you expect to call as a fact witness at any pretrial conference, mediation, arbitration and/or trial of this matter, state: (a) first and last names, business and home addresses, job titles and telephone numbers of said person(s); (b) the substance of the facts and/or opinions to which said person is expected to testify; (c) for each such individual, summarize the grounds for any layperson opinion testimony you intend to offer via said individual; (d) attach hereto color copies of any photographs of any tangible items that they may or shall utilize as aids when testifying at any mediation, arbitration or trial of this matter; attach hereto legible copies of any documents, charts, illustrations, spreadsheets or diagrams that they may or shall utilize as aids when testifying at any mediation, arbitration or trial of this matter; (f) if you are going to have them provide lay opinion testimony, provide the substance of the facts and/or opinions to which said person is expected to testify, summarize the grounds or basis for any opinion testimony you intend to offer for said individual and provide a copy of their resume and/or set forth their qualifications, listing the schools attended, years of attendance, degrees received and experience in any particular filed of specialization or expertise.

b)    Response: Object to this interrogatory because it is overly broad and vague and because it contains multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.  Further object to the extent it seeks to reveal trial strategy.  Notwithstanding the foregoing objection, on the advice of counsel, the identity of fact witnesses other than me is subject to continuing and ongoing discovery.  At this

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

time, the only witnesses that plaintiff intends to call are the parties, the persons named on defendant's witness list and any of the defendant's employees, representatives, agent or owners involved in the transaction.  I reserve the right to update this answer as discovery progresses.

c)  In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)  The requested information is relevant as the defense is entitled to know all fact witnesses Plaintiff intends to call at all proceedings in this litigation.

e)  It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 9

a)  Interrogatory: If it is asserted that any party to this action committed a violation of any court rule, regulation, statute, ordinance, administrative rule or regulation, for <u>each</u> such violation, identify: (a) the statute, ordinance, rule or regulation violated; (b) the date of the violation(s); (c) the first and last names of the parties who violated the statute, ordinance, rule or regulation; (d) the manner in which the parties are alleged to have violated same; (e) the basis for your knowledge of said violation; (f) the first and last names, business and home addresses, job titles and telephone numbers of any person(s) who you alleged witnessed said violation.

b)  Response: Object to this interrogatory because it is overly broad and vague and because it contains multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.  Further object to this interrogatory because the information requested requires an understanding of legal terms to which I rely on counsel.  Further object to this interrogatory because it is within the exclusive control of the defendant, it has been requested by my counsel and has not yet provided. Notwithstanding the foregoing objection, on the advice of counsel, all statutes and regulations that the defendant violated and the basis of the violations are clearly set forth in the complaint at §§58-79.

c)  In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

d)      The requested information is relevant to the defense so as to enable counsel to properly defendant their client in respect of allegations made as to violations of any court rule, regulation, statute, ordinance, administrative rule or regulation.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 10

a)      Interrogatory: If you allege that any party to this action violated the New Jersey Consumer Fraud Act or committed common law fraud against you, for <u>each</u> such instance of alleged fraudulent activity, set forth: (a) the date of the activity; (b) the place where the activity took place; (c) the names, telephone numbers, business and home addresses and job titles of the person(s) engaging in the activity; (d) a detailed description of the activity; (e) the names, telephone numbers, business and home addresses and job titles of anyone who witnessed the activity; (f) when you first became aware of the activity; (g) whether you provided the Attorney General notice of this action and if so, produce any correspondence or other documents that you ever forwarded same relative to this action; (h) whether you claim that the alleged activity consisted or affirmative acts (unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation); knowing omissions (i.e., concealment, suppression or omission of any material fact) or per se statutory violations or violations of regulations promulgated by Division of Consumer Affairs; (i) the dollar amount of the ascertainable loss that you allegedly sustained as a result of such alleged conduct.

b)      Response: Object to this interrogatory because it is overly broad and vague and because it contains multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.  Further object to this interrogatory because the information requested requires an understanding of legal terms to which I rely on counsel.  Further object to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet provided. Notwithstanding the foregoing objection, on the advice of counsel, as to:

The preamble of the interrogatory, the complaint contains all of plaintiff's allegations and speaks for itself.

As to the subparts that Plaintiff is capable of answering:

   (g) Yes, by letter dated August 27, 2010.  A copy of the letter and the Attorney General's September 16, 2010 response is attached hereto.

   (h) Yes, see complaint.

# MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

           (i) See complaint.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)      The requested information is relevant so that the defense is aware of each and every instance, with specificity, wherein Plaintiff alleges that it violated the New Jersey Consumer Fraud Act.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

<u>Interrogatory No. 12</u>

a)      Interrogatory: With respect to the alleged purchase and/or sale of the goods/services as referenced in the complaint, please provide the following information: (a) the date it took place; (b) the place it took place; (c) the goods/services' total purchase price; (d) the name, home and business addresses and telephone numbers of the salespeople who sold you the goods/services; (e) any defects in the goods/services or problems with the goods/services that the seller promised to repair or address prior to the sale or delivery of the goods/services; (f) any defects in the goods/services or problems with the goods/services that the seller or seller's broker promised to repair or address following the closing; (g) the dollar amount of any credits you received from the propounding parties and the reasons for your receipt of same; (h) the names and last known addresses of all persons present at the sale and/or delivery of the services/goods to you; (i) all documents that support your response hereto.

b)      Response: Object to this interrogatory because it is overly broad and vague and because it contains multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.  Notwithstanding the foregoing objection, on the advice of counsel;  as to sections a-d this information is within the direct knowledge of the defendant and see also the complaint and exhibits attached thereto.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

d)    The requested information is relevant so the defense is aware of all facts known to the Plaintiff in connection with her purchase of a vehicle from Wayne Mazda.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

<u>Interrogatory No. 13</u>

a)    Interrogatory: Provide all facts that support your allegation in Paragraph 3 of your Complaint that the $99.00 "Credit Inquiry Fee" was an undisclosed finance charge in violation of the federal Truth-in-Lending Act, 15 U.S.C. 1601, <u>et seq.</u>

b)    Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted. Further object to this interrogatory because the information requested requires an understanding of legal terms and interpretations of the law for which I rely on counsel. Notwithstanding the foregoing objection, on the advice of counsel, see the Complaint §63, which cites the provisions of the Truth in Lending Act that specify that credit inquiry fees are "finance charges".

c)    In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)    The requested information is relevant to the defense so that it is aware of all facts known to the Plaintiff which underlying this specific allegation of her Complaint.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

<u>Interrogatory No. 14</u>

a)    Interrogatory: Provide all facts that support your allegation in Paragraph 3 of your Complaint that the $99.00 "Credit Inquiry Fee" was a violation of the New Jersey Consumer Fraud Act, <u>N.J.S.A.</u> 56:8-2 and the Truth in Consumer Contract, Warranty and Notice Act, <u>N.J.S.A.</u> 56:12-14, <u>et seq.</u>

b)    Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted. Further object top this interrogatory because the information requested requires an understanding of legal terms and interpretations of the laws for which I rely on counsel. Notwithstanding the

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

foregoing objection, on the advice of counsel, see the complaint and the transaction documents provided by defendant speak for themselves.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)   The requested information is relevant to the defense so that it is aware of all facts known to the Plaintiff which underlying this specific allegation of her Complaint.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 15

a)   Interrogatory: Provide all facts that support your allegation in Paragraph 13 of your Complaint that no representative of Defendant informed the Plaintiff that the dealership would charge a $99.00 credit inquiry fee, prior to actually conducting the credit inquiry.

b)   Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.  Further object to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet provided.  Notwithstanding the foregoing objection, on the advice of counsel the allegation speaks for itself.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)   The requested information is relevant to the defense so that it is aware of all facts known to the Plaintiff which underlying this specific allegation of her Complaint.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Interrogatory No. 16

a)   Interrogatory: Provide all facts that support your allegation in Paragraph 19 of your
     Complaint that Plaintiff was not informed that she would be charged a $99.00 credit
     inquiry fee until after she received the Retail Order.

b)   Response: Object to this interrogatory because it is overly broad and vague and because
     prior interrogatories contain multiple parts which take the number of interrogatories
     requested beyond the number of interrogatories permitted.  Further object to the extent
     the information requested is in the exclusive control of the defendant, the information has
     been requested and has not yet provided.  Notwithstanding the foregoing objection, on
     the advice of counsel the allegation speaks for itself.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a
     request for more specific answers to interrogatories under letter dated May 11, 2011,
     setting forth why the defense thought the response was deficient and exactly what
     information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded
     by questioning the need for the requested information and objecting on the grounds that
     the interrogatory does not seek information, but rather a legal conclusion.

d)   The requested information is relevant to the defense so that it is aware of all facts known
     to the Plaintiff which underlying this specific allegation of her Complaint.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 17

a)   Interrogatory: Provide all facts that support your allegation in Paragraph 20 of your
     Complaint that the services which Defendant provided to Plaintiff in exchange for the
     $99.00 credit inquiry fee were performed in whole or in part prior to the dealership's
     informing Plaintiff of the existence of the fee.

b)   Response: Object to this interrogatory because it is overly broad and vague and because
     prior interrogatories contain multiple parts which take the number of interrogatories
     requested beyond the number of interrogatories permitted.  Further object to the extent
     the information requested is in the exclusive control of the defendant, the information has
     been requested and has not yet provided.  Notwithstanding the following objection, on
     the advice of counsel the allegation speaks for itself.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a
     request for more specific answers to interrogatories under letter dated May 11, 2011,
     setting forth why the defense thought the response was deficient and exactly what
     information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

        by questioning the need for the requested information and objecting on the grounds that
the interrogatory does not seek information, but rather a legal conclusion.

d)        The requested information is relevant to the defense so that it is aware of all facts known
to the Plaintiff which underlying this specific allegation of her Complaint.

e)        It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 18

a)        Interrogatory: Provide all facts that support your allegation in Paragraph 38 of your
Complaint that Defendant made other misrepresentations of fact in the Finance
Agreement.

b)        Response: Object to this interrogatory because it is overly broad and vague and because
prior interrogatories contain multiple parts which take the number of interrogatories
requested beyond the number of interrogatories permitted.  Further object to the extent
the information requested is in the exclusive control of the defendant, the information has
been requested and has not yet provided.  Notwithstanding the following objection, on
the advice of counsel see paragraphs 39, 40, and 41 in the Complaint.

c)        In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a
request for more specific answers to interrogatories under letter dated May 11, 2011,
setting forth why the defense thought the response was deficient and exactly what
information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded
by questioning the need for the requested information and objecting on the grounds that
the interrogatory does not seek information, but rather a legal conclusion.

d)        The requested information is relevant to the defense so that it is aware of all facts known
to the Plaintiff which underlying this specific allegation of her Complaint.

e)        It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 19

a)        Interrogatory: Provide all facts that support your allegation in Paragraph 69 of your
Complaint that violations of the Truth-in-Lending Act, as set forth in the First Count of
your Complaint, constitute violations of the New Jersey Consumer Fraud Act, N.J.S.A.
56:8-2, et seq.

b)        Response: Object to this interrogatory because it is overly broad and vague and because
prior interrogatories contain multiple parts which take the number of interrogatories
requested beyond the number of interrogatories permitted.  Further object to this

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

interrogatory because the information requested requires an understanding of legal terms and interpretations of the law for which I rely on counsel.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)      The requested information is relevant to the defense so that it is aware of all facts known to the Plaintiff which underlying this specific allegation of her Complaint.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 20

a)      Interrogatory: Provide all facts that support your allegation in Paragraph 70 of your Complaint that Defendant's charging of the $99.00 credit inquiry fee to Plaintiff constitutes a deceptive act, a misrepresentation, and an unconscionable commercial practice.

b)      Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted.   Further object to this interrogatory because the information requested requires an understanding of legal terms and interpretations of the law for which I rely on counsel.  Notwithstanding the foregoing objection, on the advice of counsel, see the complaint §§18-41.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)      The requested information is relevant to the defense so that it is aware of all facts known to the Plaintiff which underlying this specific allegation of her Complaint.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Interrogatory No. 23

a)    Interrogatory: Describe precisely exactly what the alleged ascertainable loss is, and how it has been calculated.

b)    Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted. Further object to this interrogatory because the information requested requires an understanding of legal terms and interpretations of the law for which I rely on counsel. Further object to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet provided. Notwithstanding the foregoing objection, plaintiff responds as follows: See Answer to Interrogatory #22 above.

c)    In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by questioning the need for the requested information and objecting on the grounds that the interrogatory does not seek information, but rather a legal conclusion.

d)    The requested information is relevant to the defense as it has a right to know if Plaintiff in fact suffered any ascertainable loss and, if so, how same was calculated.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

Interrogatory No. 24

a)    Interrogatory: Provide all facts that support your allegation in Paragraph 76-79 of your Complaint that Defendant violated the Truth in Consumer Contract, Notice and Warranty Act, N.J.S.A. 56:12-15, et seq.

b)    Response: Object to this interrogatory because it is overly broad and vague and because prior interrogatories contain multiple parts which take the number of interrogatories requested beyond the number of interrogatories permitted. Further object to the extent the information requested is in the exclusive control of the defendant, the information has been requested and has not yet provided. Notwithstanding the foregoing objection, on the advice of counsel see paragraphs 39, 40, and 41 in the complaint.

c)    In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific answers to interrogatories under letter dated May 11, 2011, setting forth why the defense thought the response was deficient and exactly what information was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

> by questioning the need for the requested information and objecting on the grounds that
> the interrogatory does not seek information, but rather a legal conclusion.

d)      The requested information is relevant to the defense so that it is aware of all facts known
        to the Plaintiff which underlying this specific allegation of her Complaint.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

## DEFENDANT'S NOTICE TO PRODUCE DOCUMENTS

### Request No. 4

a)      Document Request:  All documents you intend to (or that you may seek to) introduce into
        evidence, use or rely upon at any pretrial conference, mediation, arbitration or trial of this
        matter.

b)      Response: All documents that were appended to the complaint and produced by the
        parties in discovery, all of which are already in Defendant's possession.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a
        request for more specific responses to Wayne Mazda's Notice to Produce under letter
        dated May 12, 2011, setting forth why the defense thought the response was deficient and
        exactly what information/documentation was sought. Under letter dated May 17, 2011,
        counsel for Plaintiff responded by providing that Wayne Mazda is in possession of all the
        relevant documents and that, presently, it is premature for Plaintiff to identify what
        documents she will rely upon.

d)      This request is relevant as the defense is entitled to all documents the Plaintiff will
        introduce at trial.

e)      It is Plaintiff's position that her answer was sufficiently responsive.

### Request No. 5

a)      Document Request: All contracts and agreements entered into between you and
        Defendant and any amendments or addendums thereto.

b)      Response: All such documents are already in Defendant's possession.

c)      In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a
        request for more specific responses to Wayne Mazda's Notice to Produce under letter
        dated May 12, 2011, setting forth why the defense thought the response was deficient and
        exactly what information/documentation was sought. Under letter dated May 17, 2011,
        counsel for Plaintiff responded by providing that Wayne Mazda is in possession of all the

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

relevant documents and that, presently, it is premature for Plaintiff to identify what documents she will rely upon.

d)   This request is relevant as the nature of the transaction between the Plaintiff and Wayne Mazda was contractual and, as such, the defense is entitled to contracts and agreements between the parties and same support Plaintiff's allegations.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

Request No. 6

a)   Document Request: Any documents not specifically identified herein that you shall rely upon to support the allegations of the Complaint.

b)   Response: See Response to request # 4.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific responses to Wayne Mazda's Notice to Produce under letter dated May 12, 2011, setting forth why the defense thought the response was deficient and exactly what information/documentation was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by providing that Wayne Mazda is in possession of all the relevant documents and that, presently, it is premature for Plaintiff to identify what documents she will rely upon.

d)   This request is relevant as the defense is entitled to all documents that the Plaintiff will rely upon in support of her allegations set forth in her Complaint.

e)   It is Plaintiff's position that her answer was sufficiently responsive.

Request No. 8

a)   Document Request: Any documents supporting any claims you pled or intend to plead against Defendant in this action.

b)   Response: See response to request # 4.

c)   In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific responses to Wayne Mazda's Notice to Produce under letter dated May 12, 2011, setting forth why the defense thought the response was deficient and exactly what information/documentation was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by providing that Wayne Mazda is in possession of all the relevant documents and that, presently, it is premature for Plaintiff to identify what documents she will rely upon.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

d)    This request is relevant as the defense is entitled to all documents that the Plaintiff will rely upon in support of her allegations set forth in her Complaint.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

<u>Request No. 15</u>

a)    Document Request:  Any documents that support any claims that the Defendant made any misrepresentations to you.

b)    Response: See response to request # 4.

c)    In efforts to resolve the dispute, counsel for Wayne Mazda sent Plaintiff's counsel a request for more specific responses to Wayne Mazda's Notice to Produce under letter dated May 12, 2011, setting forth why the defense thought the response was deficient and exactly what information/documentation was sought. Under letter dated May 17, 2011, counsel for Plaintiff responded by providing that Wayne Mazda is in possession of all the relevant documents and that, presently, it is premature for Plaintiff to identify what documents she will rely upon.

d)    This request is relevant as the issue of whether or not Wayne Mazda made any misrepresentations to the Plaintiff is a significant point of contention between the parties. As such, the defense is entitled to any and all documentation in support of this claim by the Plaintiff.

e)    It is Plaintiff's position that her answer was sufficiently responsive.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

On April 27, 2011 Plaintiff selected a random sample of Defendant's deal files as contemplated by the Court's Order. The selected files were taken by Defendant's counsel who made them available on May 11, 2011. On that day a team of administrative staffers from the office of Plaintiff's counsel extracted from each file the retail installment contract and buyer's order and clipped those documents to the front of each file. Those files were then sent to a third party vendor to scan the selected documents. Plaintiff's counsel expects to receive those files from the vendor within the next day or two.

At 5:45 p.m. on April 15, 2011 Defendant provided responses to Plaintiff's interrogatories, notice to produce and request for admissions. Five of those responses included assurances that additional materials that were responsive to Plaintiff's requests would eventually be produced at a later date. Such documents were never produced.

On May 24, 2011 Plaintiff's counsel sent a letter to Defendant's counsel requesting more specific responses to ten interrogatories, six requests for documents and three requests for admissions. On May 27 Plaintiff's counsel asked when Defendant would reply to the concerns raised in the May 24, 2011 letter. Defendant's counsel replied that Defendant was working on providing a response but could not provide date by when the response would be sent.

In the section below, Plaintiff's counsel has outlined the disputes over Defendant's discovery responses. Defendant believes that the Court should not entertain Plaintiff's request because the request is being submitted after April 15. Before burdening the Court with a dispute, Plaintiff had hoped to have received the documents that Defendant's claimed it would be producing and to review the documents from the third party vendor. Plaintiff respectfully requests the assistance of the Magistrate on these issues.

With respect to Plaintiff's untimely requests, Defendant responds as follows:

It is Defendant's position that Defendant has complied fully with Plaintiff's written discovery requests, serving responses to each discovery instrument on April 15, 2011. Despite having received certified discovery responses in a timely fashion on April 15th, Plaintiff chose not to request more specific responses to Defendant's discovery until May 24, 2011, via electronic mail, well after not only receipt of Defendant's written discovery responses but also after the Court's deadline to resolve outstanding discovery disputes of May 17, 2011. Since we have just received Plaintiff's requests one week ago, we are currently in the process of conferring with our client to provide additional discovery responses to the requests, where applicable, and where additional information and/or documents exist. Defendant notes that on April 27, 2011, this party made every deal file requested and agreed upon from 2005 through 2011 available to Plaintiff's counsel for review and inspection. On or about May 11, 2011, Plaintiff's counsel retrieved thousands of pages of documents from Defendant's counsel's office for scanning and further inspection. To date, none of those documents have been returned to this office. For these reasons, as Plaintiff's demands are untimely and unfounded, Defendant requests that the relief Plaintiff now seeks should be denied.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

## PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT

Interrogatory No. 6

a) State whether Defendant used any standardized forms of Retail Order or Retail Installment Contract within the Relevant Time Period other than the Retail Order used in Plaintiff's transaction (Exhibit A to Plaintiff's Complaint) or the Retail Installment Contract and Security Agreement used in Plaintiff's transaction (Exhibit B to Plaintiff's Complaint).  If the answer is yes, identify each form, attach a copy of each form, state the time period during which Defendant used each form.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject hereto, each bank utilized by Wayne Mazda for the financing of a vehicle by a customer has/had a different standardized form. Said forms will be made available upon counsel's document review. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #6: The question is not answered with respect to the forms of buyer's orders.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 7

a) Identify the goods and/or services and/or other consideration Defendant provided (either directly or through a third party) to Plaintiff in exchange for the payment of a $99.00 Credit Inquiry Fee.  For each item, list the portion of the $99.00 attributable to that item and the cost of that item to Defendant, if any.  Provide a copy of any receipts or invoices related to the payment of any such gods or services.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, the services/consideration provided by Wayne Mazda in exchange for the Credit Inquiry Fee included a detailed review of the credit application, receipt, review and analysis of the customer's credit report, as well as a determination as to what financial institution should be utilized to complete the transaction. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #7: Defendant failed to provide any receipt or invoice related to the services, including the obtaining of a credit report. Ostensibly this involved payment to a third party. Defendant has failed to identify its costs related to the specific services ostensibly provided. For example, the price of obtaining the credit report was not identified.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 8

a) For any good and and/or services and/or other consideration Defendant provided (either directly or through a third party) to Plaintiff in exchange for the payment of a $99.00 Credit Inquiry Fee, identify any contract or agreement with any person or entity related to any such goods or services. Provide a copy of each such contract or agreement with your response.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, Wayne Mazda contracts with The Reynolds & Reynolds Company for production of credit report. The contract between Wayne Mazda and The Reynolds & Reynolds Company will be supplied. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #8: Defendant has yet to produce the Reynolds and Reynolds contract.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Interrogatory No. 9

a) Identify the goods and/or services and/or other consideration Defendant provided (either directly or through a third party) during the Relevant Time Period to customers other than the Plaintiff in exchange for the payment of a Credit Inquiry Fee in excess of $10. For each item, list the portion of the $99.00 attributable to that item and the cost of that item to Defendant, if any.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, the services/consideration provided by Wayne Mazda in exchange for the Credit Inquiry Fee included a detailed review of the credit application, receipt, review and analysis of the customer's credit report, as well as a determination as to what financial institution should be utilized to complete the transaction. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #9: Defendant has failed to identify its costs related to the services ostensibly provided. Defendant has failed to identify its costs related to the specific services ostensibly provided. For example, the price of obtaining the credit report was not identified.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 10

a) For any good and and/or services and/or other consideration Defendant provided (either directly or through a third party) during the Relevant Time Period to customers other than the Plaintiff in exchange for the payment of a Credit Inquiry Fee in excess of $10, identify any contract or agreement with any person or entity related to any such goods or services. Provide a copy of each such contract or agreement with your response.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, Wayne Mazda contracts with The Reynolds & Reynolds Company for production of credit report. The contract between Wayne Mazda and The Reynolds & Reynolds Company will be supplied. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #10: Defendant failed to provide the contract and any receipt or invoice related to the services, including the obtaining of a credit report. Ostensibly this involved payment to a third party. Defendant has failed to identify its costs related to the services ostensibly provided.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 14

a) Identify any oral or written communications between Defendant or its employees, agents, officers, or other representatives and Plaintiff that occurred after Plaintiff took possession of the Subject Vehicle on May 30, 2009. For each communication, identify the individual who communicated with Plaintiff, describe the mode of communication (e.g., telephone conversation, telephone voicemail message, face-to-face conversation, e-mail, etc.), state the date and time of the communication, and describe in detail what was said or written by each party to the communication.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, the only communication between the dealership and Plaintiff following the purchase of the vehicle include courtesy letters, thank you letters and correspondence from the service department. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #14: Defendant's claim of privilege concerning its communication with Plaintiff is patently unreasonable. Plaintiff asked Defendant's counsel review its claims of privilege and withdraw those that are unreasonable. The documents referenced in the response to this question have not been provided.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Interrogatory No. 15

a) State how Defendant currently keeps and has in the past kept its customer transaction records during the Relevant Time Period, including but not limited to physical files and electronic databases (describe any changes of method of record keeping made during the Relevant Time Period).  For electronic recordkeeping, describe in detail the specific software used to create, store, retrieve, compile and/or analyze the data/records.   Identify the hardware on which the records are stored including the media (e.g., work station hard drives, local network hard drive, wide-area network hard drive, internet-based storage, removable media, etc.) and the location of the storage devices.   For all methods, provide the retention period for each form of file maintained.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, all sale transaction files are kept by Wayne Mazda for a period of seven (7) years, in hard copy, and are stored at the dealership's reconditioning building. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #15: The question asks about the manner by which electronic records are kept.  The answer does not provide this information.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 16

a) Identify and describe Defendant's record retention policy (and all changes or revisions thereto) promulgated or in effect during the Relevant Time Period.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Wayne Mazda objects further on the grounds that it seeks to discover information not within the knowledge, possession, custody or control of Wayne Mazda. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons,

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, all sale transaction files are kept by Wayne Mazda for a period of seven (7) years, in hard copy, and are stored at the dealership's reconditioning building. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #16: The answer does not address the question in terms of electronic files.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 18

a) If Defendant has declined to produce any document or information based on any claim of privilege, work produce, or other claim of confidentiality, provide a privilege log identifying, for each such item:
>   (a) the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;
>   (b) each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;
>   (c) what privilege is claimed; and
>   (d) the basis upon which the privilege is claimed.

b) Defendant's Answer: Not applicable.

c) Plaintiff's Response to Defendant's Answer #18: Defendant's responses make numerous claims of privilege. The question is not answered.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Interrogatory No. 19

a) State the name, address and telephone number of all persons that have knowledge of any facts relevant to this case and all persons Defendant may call as witnesses; for each person listed set forth in detail the facts that they have knowledge of.

b) Defendant's Answer: Wayne Mazda objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Moreover, Wayne Mazda objects to this interrogatory on the grounds and to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other privilege. Wayne Mazda further objects to this interrogatory on the grounds and to the extent that it seeks information beyond the scope of permissible discovery and seeks information without proper limits as to relevant dates or subject matter or encompasses persons, entities or things other than Wayne Mazda and the other parties to this litigation. Notwithstanding said objections, and subject thereto, Kevin

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

DiPiano (owner of Wayne Mazda), Carla Clayton (Comptroller of Wayne Mazda), Karin Talbot (employee of Wayne Mazda), Jason Spanarelli (Sales Associate of Wayne Mazda) and Christopher Haslam (Manager of Wayne Mazda) who continued to be employed by Wayne Mazda and are under the control of Wayne Mazda. Additionally Asta Lileikyte (Plaintiff) and Joseph Dunne (Plaintiff's husband). Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's Answer #19: The answer does not provide the facts of which the persons have knowledge nor does it provide the addresses and telephone numbers.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

## DEFENDANT'S NOTICE TO PRODUCE DOCUMENTS

<u>Request for Documents No. 2</u>

a) Produce all documents relating to or referring to Defendant's charging of credit inquiry fees during the Relevant Time Period, including any training manuals, policy manuals, procedure manuals, employee handbooks, memoranda, e-mail, fee lists, or guidelines, or documents listing amount(s), collection, funds disbursement, and/or intended purpose of any credit inquiry fees assessed by Defendant.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, none. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #2:   Defendant's claim that there are no documents related to or referring to the credit bureau inquiry fee cannot be true.  Defendant maintains that the services provided in exchange for the payment of the fee include reviews of credit applications and credit reports, analysis of those same documents, and the performance of an evaluation as to which financial institution should be involved.   There must be documents related to such services.  Defendant has not produced Plaintiff's credit application or her credit report nor has it produced any document related to the reviews of those documents or the selection of a financial institution.  Defendant admits that it has a contract with Reynolds and Reynolds that has not been produced.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011


Request for Documents No. 3

a) Produce a copy of each document identified in your answer to Interrogatory No. 6.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, the requested documents shall be provided for inspection at an agreed upon date. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #3:  The Defendant has not provide any forms associated with the question.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Request for Documents No. 4

a) Produce all documents identified in or relied upon in preparing your answers to Plaintiff's Interrogatories.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, the requested documents shall be provided for inspection at an agreed upon date. Furthermore, documents relied upon and/or referenced by Wayne Mazda in its responses to Interrogatories have already been provided with Wayne Mazda's R. 26 Disclosure. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #4:  The Defendant's claim that all of the documents utilized in its response to Plaintiff's interrogatories have already been provided is inaccurate.  Interrogatory answer #1 contains information that is not contained on any document provided to Plaintiff.   Likewise, the names of the persons identified in the interrogatories and initial disclosures do not all appear on the documents provided.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Request for Documents No. 5

a) Produce a copy of each document identified in your answer to Interrogatories Nos. 11 and 12.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, the requested documents shall be provided for inspection at an agreed upon date. Furthermore, documents relied upon and/or referenced by Wayne Mazda in its responses to Interrogatories have already been provided with Wayne Mazda's R. 26 Disclosure. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #5:  No such documents were provided.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Request for Documents No. 6

a) Produce a copy of all documents and communications relating to or arising out Plaintiff's purchase of a vehicle from Defendant.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, the requested documents have already been provided with Wayne Mazda's R. 26 Disclosure. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #6:  Defendant has not produced any documents related to the review of Plaintiff's credit application, the analysis of her credit report, and the determination as to what financial institution should be utilized to complete the transaction.  Nor has it produced the contract with the Reynolds firm related to Defendant's acquiring of her credit report, her credit application, or her credit report itself.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

## McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

Request for Documents No. 8

a) Produce a copy of all documents that refer to or relate to Defendant's policies, practices, or methods for calculation of the "Finance Charge" disclosed on any of Defendant's retail installment contracts.

b) Defendant's Answer: Wayne Mazda objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Wayne Mazda further objects to this request to the extent that it seeks information that is not within the possession, custody or control of this defendant. Wayne Mazda objects further on the grounds that this request potentially invades the attorney-client privilege and/or the work product doctrine. Wayne Mazda objects further on the grounds that the requesting party is already in possession of the requested documents. Subject to, and without waiver of said objections, Wayne Mazda reserves the right to rely upon all documents previously produced along with its R. 26 Disclosure, as well as all documents to be made available for inspection by counsel. Wayne Mazda reserves the right to amend this response upon further discovery.

c) Plaintiff's Response to Defendant's reply to NTP #8:  Defendant has not identified the documents "to be made available".

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

## **DEFENDANT'S REQUESTS FOR ADMISSIONS**

Request for Admission No. 9

a) The document attached to Plaintiff's Complaint as Exhibit B is a true and accurate copy of the Retail Installment Contract and Security Agreement used in Defendant sale of the Subject Vehicle to Plaintiff Christopher Wenger.

b) Defendant's Answer: Denied. Exhibit B to Plaintiff's Complaint is not a true and accurate copy of the retail installment Contract and Security Agreement used in connection with any transaction involving Christopher Wenger.

c) Plaintiff's Response to Defendant's Request for Admission #9:  Plaintiff's attorney has called to your attention that the Request's mention of Mr. Wenger was in error and that this request referred to the Plaintiff in this case.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Request for Admission No. 10

a) The "Finance Charge" that appears on Exhibit B to Plaintiff's Complaint was calculated using the same standardized procedures Defendant used to calculate the "Finance Charge" in other motor vehicle sale transactions during the Relevant Time Period.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

b) Defendant's Answer: Wayne Mazda can nether admit nor deny this statement as it lacks sufficient knowledge regarding the calculation of the Finance Charge. Wayne Mazda utilizes software provided to it by The Reynolds & Reynolds Company. Wayne Mazda simply inputs the appropriate requested data and "Finance Charge" and "Amount Financed" are then provided by the software.

c) Plaintiff's Response to Defendant's Request for Admission #10:  Defendant does possess information concerning the manner by which it calculated finance charges and the amounts financed.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Request for Admission No. 11

a) The "Amount Financed" that appears on Exhibit B to Plaintiff's Complaint was calculated using the same standardized procedures Defendant used to calculate the "Finance Charge" in other motor vehicle sale transactions during the Relevant Time Period.

b) Defendant's Answer: Wayne Mazda can nether admit nor deny this statement as it lacks sufficient knowledge regarding the calculation of the Finance Charge. Wayne Mazda utilizes software provided to it by The Reynolds & Reynolds Company. Wayne Mazda simply inputs the appropriate requested data and "Finance Charge" and "Amount Financed" are then provided by the software.

c) Plaintiff's Response to Defendant's Request for Admission #11: Defendant does possess information concerning the manner by which it calculated finance charges and the amounts financed.

d) Defendant has not yet responded to Plaintiff's request for more specific responses.

Respectfully Submitted,

/s/ Craig J. Compoli, Jr., Esq.
Craig J. Compoli, Jr., Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100 phone
(973) 425-0161 fax
Attorneys for Defendant

Dated: May 31, 2011

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Patty Shwartz, U.S.M.J.
May 31, 2011

/s/ Henry P. Wolfe
Henry P. Wolfe, Esq.
The Wolf Law Firm, LLC
1520 U.S. Hwy 130, Suite 101
North Brunswick, NJ 08902
732-545-7900 phone
732-545-1030 fax
Attorneys for Plaintiff

Date:  May 31, 2011